UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

LUCY CASEY                                                                                    PLAINTIFF

V.                                                     CIVIL ACTION NO.1:10CV309-NBB-DAS

QUALITY RESTAURANTS AND CONCEPTS                                     DEFENDANT

## ORDER

This matter is before the court on motion of the defendant to deem its requests for admissions granted (# 36). Also before the court is the plaintiff's motion to withdraw her admissions (# 38). The court has also considered the defendant's motion to strike the plaintiff's Notice and corresponding response to the requests for admissions (# 41) and the defendant's motion to strike the plaintiff's untimely response to the defendant's motion to have the requests deemed admitted (# 42). Finally, the court will address the plaintiff's motion for leave to file an out-of-time response to the defendant's motion to strike her responses to the requests for admissions (# 43). After considering all of the motions and the responses thereto, the court finds as follows:

On March 30, 2012, the defendant served requests for admissions on the plaintiff. On April 3, at the request of plaintiff's counsel, the defendant emailed a courtesy copy of the requests in Word format. Rule 36 (a)(3) of the federal rules requires a response to requests for admissions within thirty days. Fed. R. Civ. P. (a)(3). Because the last day for a response fell on a Sunday, the deadline was extended to the following day, April 30, 2012. Fed. R. Civ. P. 6(a)(C). Rule 6(d) provides an additional three days to respond or until May 3, 2012. Because of this court's electronic filing system, the responses could have been timely served via email and notice of service filed with the court through midnight local time on that day. Fed. R. Civ. P

6(a)(4). Pursuant to Rule 36(a)(3), when the plaintiff failed to serve a response by the due date, every matter subject to a request for admission would be deemed admitted.

On May 25, 2012, the defendant filed a motion to deem all matters admitted. In accordance with the local rule, the response to this motion was due no later than June 11, 2012. The plaintiff neither requested additional time, nor filed a response by that date. On June 13, 2012, the defendant e-mailed a request to the court for entry of an order on its motion. Apparently prompted by a copy of that communication, plaintiff filed a notice of service of her response to the requests for admission on June 14, 2012 and a response to the defendant's motion to have the requests deemed admitted. She did not request leave to take these out-of-time actions. Plaintiff's counsel also violated Rule 7(b)(3)(C) of the local rules when she included a motion to withdraw the admissions within the body of the response to the motion to deem the requests admitted. She also failed to file a separate memorandum of law as required by Rule 7(b)(4) of the local rules and did not ask the court for a waiver of the rule.

On June 21, 2012, the defendant filed its reply on the motion to deem the requests admitted; a response in opposition to the plaintiff's motion to withdraw admissions; and motions to strike the untimely responses to the requests for admissions and the untimely response to the motion to deem the requests admitted.

Again, the plaintiff did nothing during the time allowed for response to the motions to strike. Two days late, she moved for leave "to file an out-of-time response" to one of the two motions to strike – the motion to strike the untimely responses to the requests for admissions. The motion did not address the other motion to strike, nor did it include the proposed response. The motion is actually a motion for additional time to respond. The defendant opposed this

2

motion.

The court addresses the motions in reverse order.

**<u>1. The plaintiff's motion for leave to file an out-of-time response to the defendant's motion to strike her responses to the requests for admissions (# 43)</u>**

The plaintiff's motion for leave to file a late response to the motion to strike the responses to the requests for admissions is denied. Because lawyers can and do have legitimate scheduling problems which can make it difficult to meet conflicting deadlines, the courts anticipate and the rules allow for reasonable extensions of time. If a request is made before the expiration of a deadline, this court grants additional time almost as a matter of course. Fed. R. Civ. P. 6(b)(1)(A). However, because the time for the present response expired without a motion for time, the more stringent standards of Rule 6(b)(1)(B) apply. An extension under this rule can be granted only upon a showing of *both* good cause and excusable neglect. Under these circumstances, part of the good cause showing generally required by this court includes an explanation for why a timely request for additional time *could not* have been made before the expiration of time. *Johnson v. Bolivar County*, 2009 WL 4855988, 3-4 (N.D. Miss. Dec. 9, 2009). There is no such showing in this case.

Plaintiff's counsel asserts that other cases and legal duties as well as "clerical difficulties" prevented her from responding in a timely manner. As the defendant points out, conflicting case demands provide no excuse for failing to meet deadlines.[1] While excusable neglect is "a somewhat 'elastic concept' and is not limited strictly to omissions caused by

---

[1] *Draper v. KK Ford*, 196 Fed. Appx. 264, 265 2006 WL 2460782 (5th Cir. 2006)("A busy practice does not constitute excusable neglect." The fact that Draper's local counsel was "engaged" in several homicide cases and his lead counsel was in the process of moving his law office was not excusable neglect. Trial court properly denied time to respond to summary judgment on motion filed five days after the response time expired.)

3

circumstances beyond the control of the movant," the pattern of defaults in this case demonstrates the type of "inadvertence, ignorance of the rules, or mistakes construing the rules" that is not excused. *Pioneer Investment Services, Co. v. Brunswick Assoc. L.P.,* 507 U.S 380, 392 (1993) (quoting 4A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1165 (2ed. 1987)). A vague reference to other cases and responsibilities does not rise to the level of good cause, much less the more demanding excusable neglect standard.

### 2. The defendant's motion to strike the plaintiff's untimely response to its motion to have the requests deemed admitted (# 42)

Because the plaintiff filed no response to the defendant's motion to strike her response to the motion to deem the requests admitted, it is granted as confessed. Because the court is granting the motion to strike the response, the motion to withdraw admissions (included in her response) is no longer before the court. Additionally the court finds that the motion to withdraw admissions should be denied for violating Rules 7(b)(3)(C) and 7(b)(4) of the local rules.

### 3. The defendant's motion to strike the plaintiff's Notice and corresponding response to the requests for admissions (# 41)

The motion to strike the plaintiff's notice of service of responses to requests for admission and the responses to the request for admissions is granted as confessed. The notice and responses to the request for admissions are hereby stricken. While the motion to deem the requests admitted is not strictly necessary because the matters are deemed admitted by operation of Rule 36, the court nevertheless grants the motion. The admissions sought with the requests at issue are hereby conclusively established for the purposes of this litigation.

### 4. The plaintiff's motion to withdraw her admissions (# 38)

Additionally, the court finds the motion to withdraw the admissions should be denied on the merits. Requests for admissions serve two functions in discovery. One function allows discovery of the opposing party's contentions. Unique among the tools for discovery is its second function -- conclusively removing issues from the case for discovery and trial purposes. *See* Adv. Comm. Note to 1970 amendment to Rule 36 of the federal rules of civil procedure. By providing a pretrial device for winnowing issues from the case, time and resources may be directed to disputed matters. Rule 36 is also unique in that it provides its own enforcement mechanism and the rule is self-executing. If there is no timely response or objection, the matter is admitted. The result can be severe, but the rule can serve its intended function only if there is a high degree of certainty that an issue eliminated by admission, express or default, will not become a contested issue later in the litigation. *American Auto Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1119 (5th Cir. 1991).

Once a matter is admitted, it is established for the course of the litigation, unless the court permits its withdrawal or amendment under Rule 36(b). Rule 36 allows the court to "permit the withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The plaintiff bears the burden of proof as to the first element contained within Rule 36 – that is, showing how withdrawal of the admissions promotes a presentation on the merits. The defendant bears the burden of proof as to the second element – showing prejudice if the admissions are withdrawn. *Curtis v. State Farm Lloyds*, 2004 WL 1621700 (S.D. Tex. April 29, 2004).

The court may allow withdrawal of an admission, if and only if, both of the above preconditions have been met. *Le v. Cheesecake Factory Restaurants, Inc.*, 2007 WL 715260 (5th Cir. 2007). However, because the rule is permissive, not mandatory, the court must exercise its discretion when it decides whether to allow admissions to be withdrawn. *In re Carney,* 258 F.3d 415, 419 (5th Cir. 2001); *United States v. Kasuboski,* 834 F.2d 1345, 1350 n.7 (7th Cir.1987) ("[R]ule 36(b) allows withdrawal of admissions if certain conditions are met and the district court, in its discretion, permits the withdrawal."); *Donovan v. Carls Drug Co., Inc.,* 703 F.2d 650, 652 (2d Cir.1983) ("Because the language of [Rule 36(b) ] is permissive, the court is not required to make an exception to Rule 36 even if both the merits and the prejudice issues cut in favor of the party seeking exception to the rule.").

It is not enough to show that the admissions will preclude any presentation of the cause on the merits. "Other factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing 'the admission is contrary to the record of the case,' or that the admission 'is no longer true because of changed circumstances or through an honest error a party has made an improvident admission.'" *La. Rehab Center Inc. v. United States*, 179 F. Supp. 2d 658, 663 (W.D. La. 2002) (quoting *Ropfogel v. United States*, 138 F.R.D. 579, 583 (D. Kan. 1981)). In exercising its discretion, the court may consider the fault of the party seeking withdrawal. *Pickens v. Equitable Life Assurance Soc.,* 413 F.2d 1390, 1394 (5th Cir. 1969).

### i.  Promotes a Presentation of the Merits

The plaintiff argues that allowing withdrawal of the admissions meets the first requirement of Rule 36(b). She quotes the applicable part of the rule, then argues that "[t]he

Plaintiff's Complaint and subsequent responses to Defendants initial discovery requests addresses (sic) virtually each and every one of the Requests at issue here and to which the Plaintiff has sufficiently responded mostly with a denial such as to put Defendant on notice of her intent to deny these allegations." There are no attachments to the plaintiff's motion; no affidavits, no deposition excerpts, and no copies of discovery responses. The plaintiff did not include the responses to the requests for admissions, so the court is unsure which requests she denied or if she denied all the requests. She has not demonstrated how the substance of any single request for admission has been addressed in any discovery response. She does not mention specifically any one of the admissions nor does she address how these admissions impact her ability to proceed to trial on the merits. It has fallen to the defendant, who does not bear the burden on this issue, and to the court, to look at the requests for admissions to determine whether any portion of the plaintiff's claim can survive the admissions. The defendant, in its response, candidly admits that a number of the admissions go to the heart of the plaintiff's claims and effectively dispose of this action, though some cover subsidiary, evidentiary matters.

Even assuming the plaintiff will be deprived of a trial 'on the merits' if all admissions are allowed to stand, it does not follow that the plaintiff has made the showing required by Rule 36(b). She must show that there is a meritorious claim that will be served by withdrawal of the admissions and by trial. Instead the plaintiff's response is a recitation of the applicable rule, unsupported assertions regarding the law, conclusory allegations about her discovery responses, and a single citation to a Mississippi state case. The plaintiff's motion fails to point to the only

proof in the record that shows a factual contest to any of the requests for admission.[2]  But the plaintiff's complaint does not contradict the other admissions nor does it provide a factual basis for finding a meritorious claim to be served by withdrawal of admissions and trial.

The plaintiff also argues that by contesting the matters addressed in the requests for admission, her discovery responses put the defendant on notice of her "intent" to deny the requests.  Even had the plaintiff provided to the court a copy of her discovery, this argument would fail.  The Fifth Circuit Court of Appeals rejected such an argument in *In re Carney,* 258 F.3d 415 (5th Cir. 2001).  Carney's complaint denied the validity of the IRS tax assessments.  Unlike the plaintiff here, Carney filed an affidavit, "containing specific, factual allegations to support his contention" as to the merits of his claim.  *Id.* at 423.  Nevertheless, the admissions created by his failure to respond to the request were binding, and the court affirmed the district court's decision to grant summary judgment based on those admissions.  Accordingly, the court finds that the plaintiff has not shown that allowing a withdrawal of the admissions will promote a presentation of the merits and thus has failed to meet the first requirement of Rule 36(b).

### ii.  Prejudice

The defendant bears the burden of demonstrating to the court the second element provided by Rule 36(b), that it would be prejudiced if the court allowed the plaintiff to withdraw her admissions.  Prejudice relates to special difficulties that may be presented by the sudden withdrawal of admissions.  *American Auto Ass'n. v. AAA Legal Clinic,* 930 F. 2d 1117 (5th Cir. 1991).   A party is not prejudiced by the need to conduct additional discovery, nor by

---

[2]  Request No. 10. requests, " Please admit that Calvin Hicks  never touched plaintiff in a harmful or offensive manner."  The complaint alleges that Hicks hit the plaintiff on the head and made a derogatory comment about women.

being required to put on proof of previously admitted items. *Le v. Cheesecake Factory Restaurants Inc.,* 2007 WL 715260, *3 (5th Cir. March 6, 2007). " Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial." See, e.g., *Branch Banking and Trust Co. v. Deutz-Allis Corp.*, 120 F.R.D. 655, 660 (E.D.N.C.,1988).

Here the defendant has acted reasonably in reliance on the admissions and ceased further discovery efforts. If the admissions were withdrawn, it would clearly need to conduct additional discovery. It has not yet taken the plaintiff's deposition, an important part of preparing the defense of any employment case. The requests for admissions themselves suggests other possible witness depositions. Had the plaintiff in May or June responded with appropriately supported motions and responses, sufficient time to conduct needed discovery would have been available. Now, however, because of delays caused by the plaintiff since the filing of the defendant's motion, time has run out. Moreover, the court is not obliged or inclined to grant additional time for discovery to the detriment of the defendant and the court where the plaintiff, who has failed to cooperate in discovery, failed to pursue discovery, and breached multiple rules of this court.

The plaintiff has put forth an assortment of additional arguments in an attempt to justify the relief. She argues, for instance, that Rule 37 is applicable and that the defendant was obliged to consult in good-faith and to attempt informal resolution of the discovery dispute before seeking court intervention. Rule 36 has its own separate enforcement mechanism, and Rule 37 is clearly inapplicable.

With her motion, the plaintiff claims that the failure to respond to the request for admissions was "inadvertent." However, there is no explanation provided to show how such a serious default could have occurred. In this case there has been a pattern of untimeliness, lack of diligence, and disregard for the deadlines and other rules of court. In addition to the various defaults detailed *supra*, the plaintiff's prediscovery disclosures were due on November 4 but not served until December 19, 2011. She failed to respond to the first set of discovery in a timely manner. The defendant propounded that discovery on December 7, 2011, well after counsel entered her appearance, but she did not provide her responses until March 16, 2012. The defendant pointed to this failure in its unopposed motion for continuance of the initial trial setting.

Though the plaintiff's *pro se* complaint is poorly drafted, no attempt has been made to correct its deficiencies by amendment. The record shows no discovery efforts undertaken on behalf of the plaintiff. On this record the court assumes that no explanation is offered because no excuse exists.

The plaintiff also asserts without citation to any authority, that "civil" litigation should never be determined based upon Rule 36 admissions. The authority to the contrary is legion.[3]

---

[3] *In re Carney*, 258 F.3d at 420, FN 6 ("Various federal courts from around the country have relied on default admissions to support a grant of summary judgment. *See, e.g., United States v. 2204 Barbara Lane,* 960 F.2d 126, 129 (11th Cir.1992); *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir.1991); *Stubbs,* 797 F.2d at 938 (11th Cir.1986); *Campbell v. Spectrum Automation Co.,* 601 F.2d 246, 253 (6th Cir.1979); *Chicago Dist. Council of Carpenters Pension Fund v. P.M.Q.T.,* 169 F.R.D. 336, 341 (N.D.Ill.1996); *Wallace v. Best Western Northeast,* 183 F.R.D. 199, 202-3 (S.D.Miss.1998); *Cereghino v. Boeing Co.,* 873 F.Supp. 398, 401 (D.Or.1994); *Gardner v. Borden, Inc.,* 110 F.R.D. 696, 697 (S.D.W.Va.1986) ; *In re Niswonger,* 116 B.R. 562, 565 (Bankr.S.D.Ohio 1990); *In re Sweeten,* 56 B.R. 675, 677 (Bankr.E.D.Pa.1986) (all noting that Rule 36 allows party to seek admissions as to matters dispositive of a case and granting summary judgment on basis of deemed admissions").

In the end, the decision to allow a party to withdraw its admission is an equitable one, balancing the right to a full trial on the merits, including the presentation of *all* relevant evidence, with the necessity of justified reliance by parties on pre-trial procedures and finality as to issues deemed no longer in dispute. While the court must give weight to the importance of trial on the merits, courts are nevertheless cautious in permitting withdrawal or amendment of admissions.

In light of the numerous and serious failures of the plaintiff, equity strongly favors the defendant and disfavors this plaintiff. The court recognizes the result may be harsh, but "the failure to respond to admissions can effectively deprive a party of the opportunity to contest the merits of a case. This result, however, is necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure." *In re Carney*, 258 F.3d at 421.

IT IS, THEREFORE, ORDERED:

1. That the plaintiff's motion for leave to file an out-of-time response to the defendant's motion to strike her responses to the requests for admissions (# 43) is hereby DENIED.

2. That the defendant's motion to strike the plaintiff's untimely response to the defendant's motion to have the requests deemed admitted (# 42) is hereby GRANTED.

3. That the defendant's motion to strike the plaintiff's Notice and corresponding response to the requests for admissions (# 41) is hereby GRANTED.

4. The plaintiff's motion to withdraw admissions (# 38) is no longer before the court because that motion was included in her response, and the court struck that response.

5. Alternatively the plaintiff's motion to withdraw admissions (# 38) is denied on the merits. The plaintiff has failed to show that withdrawal would serve presentation of the merits,

and the court finds the defendant would be prejudiced by allowing the plaintiff to withdraw admissions at the close of discovery. The court finds that it should not allow the withdrawal of admissions on a record showing a pattern of untimeliness, lack of diligence, and disregard for multiple rules of procedure.

      6. That the defendant's motion to deem its requests for admissions granted (# 36) is hereby GRANTED.

      SO ORDERED this the 8th day of August, 2012.

                                        /s/ David A. Sanders
                                        UNITED STATES MAGISTRATE JUDGE